No. 103
RISH v. WETHERILL et
Ohio Appeals, 3rd Dist., Hardin Co.
No. 157. Decided Dec. 5, 1925
865. OFFICERS—Political officer not li-

able for mistakes in judgment.

851. NOTICE—Where damages are available for land taken for purposes of public improvement, fact that the land has been sold in a separate proceeding is not notice to clerk of court, holding such money damages in readiness for buyer.

WARDEN, J.

The directors of the Upper Scioto Conservancy District, on Mar. 12, 1917, filed a petition in Hardin Common Pleas for the purpose of improvement on the Scioto river for flood prevention, organizing a convervancy district, in accordance with 6828-1 to 6828-79 GC. At the same time they appraised the property of the owners abutting the river and allowed P. Howard, one of the abutting owners, $410.00 for his land, to be used in furthering the project. In 1918 the appraisement was confirmed and the directors paid the $410 to Eugene Wetherill, clerk of the court to be held for Howard. Wetherill paid the money to the attorneys for Howard.

Prior to November 1917, a suit was filed in Hardin Common Pleas against Howard to foreclose on a mortgage, and on sale, a deed was duly executed and the land sold to L. J. Rish. In 1924 Rish made a demand on Wetherill for the $410. This demand was refused. Thereupon an action was filed by Rish against Wetherill and his surety for $410 claiming that by his refusal to pay the money on demand he had violated the conditions of his bond and his official duty. The Common Pleas on the facts, found for Wetherill. Error was prosecuted and the Court of Appeals held:

1. Pursuant to the provisions of 6828-35 GC. the directors paid the money to Wetherill which he held in his official capacity.

2. From the appraisement roll filed in the suit for the conservancy district, the court was directed to pay the money as indicated therein.

3. If this is not true, then there was no order of the court directing how the money which he had or ought to have had knowledge, should be disposed of; and the clerk would be authorized to determine from all the facts of the person to whom it should be paid.

4. Being a political officer he would not be liable as clerk if a mistake was made as to the person to whom the money was paid under the rule that such an officer is not liable for mistakes in judgment. 71 OS. 410.

5. Howard might have been seized of lands, other than those levied upon by the conservancy district, and the fact that his land had been sold in a separate proceeding, would not be notice to the clerk that the money belonged

to or was claimed by Rish.

Judgment affirmed.

Attorneys—C. W. Long and J. K. Rocky, Lima, for Rish; Mahon & Mahon, Kenton, for Wetherill et.